UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Barbara Ann Haines


    v.                                        Civil No. 08-cv-505-SM


State of New Hampshire, Department
of Health and Human Services/Division
of Children, Youth and Families, et al.


**REPORT AND RECOMMENDATION**


    Pro se petitioner Barbara Ann Haines has filed a complaint, pursuant to 42 U.S.C. § 1983, challenging the termination of her parental rights and seeking custody of her two minor children (document no. 1). Named as defendants are the State of New Hampshire, Department of Health and Human Services/Division of Children, Youth and Families ("DCYF") and the Attorney General for the State of New Hampshire. The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## Background

The claims in this action arise from state court child custody proceedings involving Haines and her minor children, Liberty Ann Justice Haines and Robert Edward Haines. Haines alleges that on April 30, 2004, her children were wrongfully removed from her custody by the police, without notice, and placed into protective custody. During that time, Haines alleges, her house was search illegally and without a warrant, and information derived from the illegal search was used against her during the parental termination proceedings. She further alleges that the DCYF failed to determine and/or evaluate "the appropriateness" of her home.

The New Hampshire Probate Court allegedly terminated Haines' parental rights and "condemned" her for failing to submit to a mental health evaluation on the basis of her Christian beliefs. Although Haines references separate proceedings in the New Hampshire Superior Court, the record is silent as to the precise nature of those proceedings. She alleges that when she refused to submit to a court-ordered mental health evaluation on the basis of her religious beliefs, the superior court ignored her explanation for her actions and charged her with neglect.

Subsequently, Haines filed an appeal with the New Hampshire Supreme Court ("NHSC") in which she challenged the lower court's termination of her parental rights.  The NHSC denied her appeal on September 30, 2008 and denied her motion for reconsideration on November 6, 2008.

Haines alleges that she has not seen her children in four years, because the DCYF terminated her visitation rights when she refused to sign a statement that would abridge her right to free speech.  She now brings the instant complaint, alleging that the termination of her parental and/or custodial rights constitutes a violation of her federally protected rights, including her First Amendment right to freedom of religion.  She requests this court to restore her parental rights and to grant her custody of her minor children.

### Standard of Review

In conducting a preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  See also

Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.

**Discussion**

I.   Rooker-Feldman Doctrine

The state court custody proceedings at issue raise a question of subject matter jurisdiction that this court is obligated to consider and resolve sua sponte.  See Hicks, Muse &

Co. v. Brandt (In re Healthco Int'l), 136 F.3d 45, 50 n.4 (1st Cir. 1998).  For the reasons articulated below, this court is precluded from exercising jurisdiction over this action under the Rooker-Feldman abstention doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), which precludes federal district and circuit courts from reviewing a final judgment entered in a state court, and from considering claims that are inextricably intertwined with those raised in the state court proceeding.  See Picard v. Members of Employee Ret. Bd., 275 F.3d 139, 145 (1st Cir. 2001).  See also Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (holding that under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments.")(citations omitted).  Claims are inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  See Picard, 275 F.3d at 145.

As the Supreme Court has explained, "[t]he Rooker-Feldman

doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  See also Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 66 (1st Cir. 2008).  The doctrine applies when a plaintiff complains of injury from the state court judgment itself.  Id. at 65.  Where the relief sought would, if granted, effectively void the state court's judgment, a plaintiff's claims are barred under the Rooker-Feldman doctrine.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); accord Ellison v. Brock, 122 Fed. Appx. 519 (1st Cir. 2004).  "The doctrine applies to attempts to relitigate state court judgments entered before the federal suit was filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine."  Corrion v. Latreille, No. 08-cv-15272, 2009 WL 56057, slip op. at *1 (E. D. Mich. Jan. 8, 2009)(citing Exxon Mobil, 544 U.S. at 292).

Applying the foregoing principles to the instant case, I conclude that under the Rooker-Feldman doctrine, this court lacks

subject matter jurisdiction over Haines' claims.  Haines requests this court to restore her parental rights and to grant her custody of her two minor children.  She seeks review of adverse state-court decisions terminating her parental and custodial rights.  Thus, the injury complained of is solely traceable to the state court custody proceedings.  The relief sought by Haines in this federal action challenges the same custody decisions made by the New Hampshire state courts.  The relief requested would necessarily require this court to void the contrary state court decisions or determine that they were wrong.  To the extent the state courts have entered final judgment(s) with regard to the termination of Haines' parental and custodial rights, the <u>Rooker-Feldman</u> doctrine applies and deprives this court of jurisdiction over this action.

### Conclusion

For the foregoing reasons, I recommend that the complaint be dismissed for lack of subject matter jurisdiction.

If this report and recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If plaintiff disagrees with the identification of the claims herein,

she must do so by objection filed within ten (10) days of receipt of this report and recommendation, or she must properly move to amend.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date: February 19, 2009

cc:   Barbara Ann Haines, pro se