UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Barbara Ann Haines

    v.                                    Civil No. 08-cv-505-SM

New Hampshire Department of
Health and Human Services,
Division for Children, Youth,
and Families, et al.

**O R D E R**

Barbara Haines filed a complaint in this Court challenging the New Hampshire state courts' termination of her parental rights and visitation with her children (document no. 1). I issued a Report and Recommendation recommending that the complaint be dismissed, pursuant to the Rooker-Feldman[1] doctrine, for lack of subject matter jurisdiction (document no. 3). Haines then filed two motions to amend her complaint (document nos. 4 &

---

[1] See Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) and D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983), which, together, preclude federal courts from reviewing state court final judgements, and from considering claims that are inextricably intertwined with those raised in the state court proceeding.

5)[2] which sought to add claims to this action alleging that defendants violated her First Amendment right to the free exercise of her religion, and violated the First Amendment's Establishment Clause, by terminating her parental rights in response to her religious objection to undergoing a mental health evaluation that was based on principles of secular psychology or psychiatry.  Haines also challenged, on First Amendment grounds, other decisions made by defendants concerning Haines' visitation and communication with her children and the medical treatment of her children while in the defendant's custody, and the closing of child custody proceedings on the basis that the denial of a public trial by jury violated her Fifth, Sixth, and Seventh Amendment rights.[3]

---

[2] These two motions are largely, but not entirely, duplicative.  I have considered all of the allegations set forth in both motions in rendering this decision.

[3] I note that Haines also challenged the constitutionality of 22 U.S.C. § 287(a), the statute that authorizes the President of the United States to appear before the United Nations on behalf of the country.  Haines' challenge, relying only on bald assertions and supposition, appears to be a taxpayer lawsuit challenging the United States' involvement with the United Nations on the basis that the United Nations has a mission to bring Communism to the Western world, and, along with it, violations of Haines' rights.  Because I find that this claim amounts to no more than unsupported conclusions, I will not consider it further.

The Rooker-Feldman doctrine, as I stated in my Report and Recommendation, deprives this Court of jurisdiction over claims that have been raised and finally decided in the state courts, and also over claims that are inextricably intertwined with those raised in the state court proceedings.  See Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Picard v. Members of Employee Ret. Bd., 275 F.3d 139, 145 (1st Cir. 2001).  Claims are inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  See Picard, 275 F.3d at 145.  Where the relief plaintiff seeks would, if granted, effectively void the state court's judgment, plaintiff's claims are barred under the Rooker-Feldman doctrine.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999).

To find in Haines' favor in this matter, the Court here would have to find that the state court's determinations of Haines' parental rights and visitation were made in violation of Haines' First Amendment rights, and are therefore based on an unconstitutional application of state statutes to Haines in the state court proceedings.  This is precisely the result that the Rooker-Feldman doctrine requires this Court to avoid.

Accordingly, I find that the Rooker-Feldman doctrine deprives this Court of jurisdiction over the additional claims presented in the motions to amend. The motions to amend (document nos. 4 & 5) are therefore DENIED, and my previously issued Report and Recommendation (document no. 3) remains unchanged.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   April 28, 2009

cc:     Barbara Ann Haines, pro se